UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ x
LISA L. PAISOLA                                    :
                                                              :
                        Plaintiff,              :
                                                              :
        - against -                              :          10 Civ. 8920 (PAC) (RLE)
                                                              :
GAP ADVENTURES, INC., et al.,      :          <u>ORDER ADOPTING R&R</u>
                                                              :
                        Defendants.         :
------------------------------------------------------ x

<div style="float:right">
USDC SNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: <u>March 26, 2012</u>
</div>

HONORABLE PAUL A. CROTTY, United States District Judge:

In this maritime action, Plaintiff Lisa Paisola ("Paisola") seeks compensation for physical and psychological injuries she sustained while a passenger on a cruise ship, the M/S EXPLORER (the "vessel"), which struck ice and sank near the South Shetland Islands off the coast of Antarctica on November 23, 2007. Her complaint alleges negligence against Defendant GAP Adventures, Inc. ("GAP"), the vessel's operator. On December 7, 2010, the Court referred this case to Magistrate Judge Ronald L. Ellis for general pretrial and dispositive motions. (Docket No. 4.) On July 18, 2011, GAP moved to dismiss the Complaint on the grounds of improper service of process, lack of personal jurisdiction, and *forum non conveniens*. GAP subsequently withdrew its claims of improper service and lack of personal jurisdiction, leaving *forum non conveniens* as the only remaining issue before the Court.

On March 9, 2012, Magistrate Judge Ellis issued a Report and Recommendation ("R&R") in which he recommended that the Court deny GAP's motion to dismiss on the basis of *forum non conveniens*. GAP filed timely written objections to the R&R on March 16, 2012. The Court has reviewed the R&R and Defendant's objections. For the reasons discussed below, the Court adopts the R&R in full and denies Defendant's motion to dismiss the Complaint.

1

## BACKGROUND[1]

On or about October 18, 2007, Paisola purchased her ticket for a nineteen-day cruise in the Antarctic region. She purchased the ticket from ITEX Canada, which in turn purchased Paisola's ticket from GAP, a Canadian tour company that operated the vessel. On November 11, 2007, Paisola boarded the vessel in Ushuaia, Argentina. During the voyage, on November 23, 2007, the vessel struck ice and sank near the South Shetland Islands. Paisola was subsequently rescued from one of the vessel's lifeboats.

On November 19, 2010, Paisola filed this maritime action against GAP, as well as other defendants who have since been dropped from the case. In her Complaint, Paisola asserts claims for negligence and alleges that she sustained physical and psychological injuries from the incident. On July 18, 2011, GAP moved to dismiss the Complaint on the grounds of improper service of process, lack of personal jurisdiction, and *forum non conveniens*. GAP subsequently withdrew its improper service and personal jurisdiction claims, leaving only its *forum non conveniens* argument. GAP contends that Paisola's Expedition Ticket/Contract[2] provides that Canadian law governs the agreement, and that a forum selection clause provides for exclusive jurisdiction in the Federal Court of Canada, Toronto.

In his R&R, issued on March 9, 2012,[3] Magistrate Judge Ellis found that the agreement submitted by GAP was not signed by Paisola, and that there was a dispute as to whether she ever saw the agreement. He therefore concluded that United States maritime law, rather than Canadian law, applied to this case.

---

[1] Facts are taken from the R&R unless otherwise noted.
[2] The Expedition Ticket/Contract is a six-page standard form contract and is submitted with Defendant's motion to dismiss, attached to the Declaration of Saul Mandel, Ex. A. (Docket No. 18.)
[3] Magistrate Judge Ellis initially issued an R&R on March 2, 2012 (Docket No. 38), but subsequently issued a corrected R&R on March 9.

2

In analyzing GAP's claim of *forum non conveniens*, Magistrate Judge Ellis applied the two-part test set forth in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947), and Piper Aircraft Co. v. Reyno, 454 U.S. 235, 243-44 (1981).  Under this test, before a court dismisses a case on *forum non conveniens* grounds, a defendant must show that (1)  an adequate alternative forum exists; and (2) private and public interests weigh in favor of dismissal.  Gilbert, 330 U.S. at 508.  Magistrate Judge Ellis found that Canada did not provide an adequate alternative forum because Paisola's claim would be time-barred under Canadian law, which provides for a two-year statute of limitations.  In balancing the private interest factors, Magistrate Judge Ellis concluded that GAP failed to show why it could not transport documents and witnesses from other locations to New York.  He also noted that transfer of this case to Canada would be more burdensome and costly for Paisola, who is proceeding *pro se*, while GAP is a multinational corporation with a presence in New York.  Magistrate Judge Ellis also found that the public interest did not weigh in favor of transferring this case to Canada, as Canada has no greater interest in the outcome of this litigation than New York.  Magistrate Judge Ellis therefore recommended that the Court deny GAP's motion to dismiss for *forum non conveniens*.

## DISCUSSION

A.  Standard of Review

In reviewing a Report and Recommendation, the Court "may accept, reject, or modify, in whole or in part the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted).  Where a party submits a timely objection to the report and recommendation, the Court

reviews those portions of the report to which the party objected under a de novo standard.  See Fed. R. Civ. P. 72(b)(3).

In considering a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a court accepts the complaint's factual allegations as true and draws all reasonable inferences in the plaintiff's favor. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).  A court need not accept as true, however, "[l]egal conclusions, deductions or opinions couched as factual allegations." In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1960 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  In determining the sufficiency of a complaint, the Court may consider "the factual allegations in [the] . . . complaint, . . . documents attached to the complaint as an exhibit or incorporated in it by reference, . . . matters of which judicial notice may be taken, [and] documents either in plaintiffs' possession or of which the plaintiffs had knowledge and relied on in bringing suit." Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir.1993).

B.  GAP's Objections to the R&R

GAP does not object to Magistrate Judge Ellis's application of the *forum non conveniens* doctrine as it relates to the evidence currently before the Court.  GAP contends, however, that Paisola received the Expedition Ticket/Contract prior to the voyage, and that she was therefore on notice of its choice of law and forum selection clauses.  GAP asserts that discovery will

provide evidence of these facts, and requests that the Court therefore modify the R&R to limit Judge Ellis's findings and conclusions solely to GAP's motion to dismiss.

As this is a case in admiralty, federal maritime law governs the enforceability of the parties' forum selection clause.  See Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 590 (1991).  Such clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances."  M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972).  When a forum selection clause is contained in a non-negotiated form passage contract, as in this case, the clause must be "reasonably communicated" by the carrier to cruise line passengers and remains "subject to judicial scrutiny for fundamental fairness."  Shute, 499 U.S. at 593-95.  To determine whether a sea carrier has reasonably communicated the existence and importance of a contractual limitation to a passenger, the Court must examine:

> (1) whether the physical characteristics of the ticket itself reasonably communicated to the passenger the existence therein of important terms and conditions that affected the passenger's legal rights, and (2) whether the circumstances surrounding the passenger's purchase and subsequent retention of the ticket/contract permitted the passenger to become meaningfully informed of the contractual terms at stake.

Ward v. Cross-Sound Ferry, 273 F.3d 520, 523-25 (2d Cir. 2001).

As GAP observes, Magistrate Judge Ellis's reasoning is based on GAP's failure to show "that the Ticket/Agreement was ever presented to or signed by Paisola or that there was any understanding otherwise between the Parties as to a pre-selected forum to litigate disputes . . . ." (R&R at 4.)  Since discovery may provide additional facts that bear on the Court's application of the Ward test (e.g., whether Paisola actually received the Expedition Ticket/Contract), the Court will allow the parties to revisit this issue on summary judgment, notwithstanding Magistrate Judge Ellis's factual and legal conclusions on this point as stated in the R&R.

In its remaining objection, GAP contends that Magistrate Judge Ellis incorrectly found that Paisola purchased her own passage ticket. (Def's Obj. at 3.) This objection is without merit, as Magistrate Judge Ellis found that Paisola purchased her ticket through ITEX Canada, a company that in turn purchased the ticket from GAP. (R&R at 1.) Moreover, Magistrate Judge Ellis based this finding on facts presented by GAP in its motion papers. (See id.)

## CONCLUSION

For the foregoing reasons, the Court adopts the Report and Recommendation as its opinion. Defendant's motion to dismiss the Complaint on the grounds of *forum non conveniens* is therefore denied. Following discovery, the parties may revisit the issue of whether Plaintiff ever received the Expedition Ticket/Contract on summary judgment. The parties are directed to submit a Case Management Plan to Magistrate Judge Ellis no later than April 27, 2012.

Dated: New York, New York
       March 26, 2012

SO ORDERED

*Paul Crotty*

PAUL A. CROTTY
United States District Judge